Lek v Lek (2021 NY Slip Op 04188)





Lek v Lek


2021 NY Slip Op 04188


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 309100/19 Appeal No. 14155-14155A Case No. 2020-03180 

[*1]Charles Frederik Lek, Plaintiff-Appellant,
v
Olesya Aleksandrovna Lek, Defendant-Respondent.


Storch Byrne, LLP, New York (Steven G. Storch of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Kelly A. Frawley of counsel), for respondent.



Orders, Supreme Court, New York County (Michael L. Katz, J.), entered on or about June 9, 2020, and on or about December 10, 2020, which, to the extent appealed from, upon defendant's motions, found that the London property was the parties' primary marital residence under the terms of their prenuptial agreement and denied plaintiff's cross motion for counsel fees, and declared that the net proceeds of the sale of the residence shall be divided equally between the parties and that plaintiff shall not be entitled to any credit related to any mortgage on any of his separate property, unanimously affirmed, without costs.
Contrary to plaintiff's contention, the language of the relevant provisions of the prenuptial agreement clearly evinces the parties' intent that, in the event they had a child, which they did, defendant would obtain an equal ownership interest in the parties' primary marital residence (see generally Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]; Strong v Durbin, 75 AD3d 66, 68-69 [1st Dept 2010]). Plaintiff is the sole owner of the London residence, which he purchased shortly after selling his Manhattan apartment. Notwithstanding section 2.2's definition that the "Primary Marital Residence" shall be jointly owned, section 10.2(b) provides that if the Primary Marital Residence "is not owned by the Parties or by either Party" then plaintiff's Manhattan apartment or "the successor residence thereto, shall constitute the Primary Marital Residence . . . ." Supreme Court properly determined that the London residence, as the successor residence, was the "Primary Marital Residence" and that pursuant to the prenuptial agreement it should be divided equally between the parties.
Plaintiff's claim that he is entitled to a credit for a mortgage taken out on his separate property, which was used to purchase the London property, must be rejected. The prenuptial agreement expressly states that any debt collateralized by an interest in plaintiff's separate property is his separate debt. The agreement further provides that defendant must consent to any mortgage associated with the "Primary Marital Residence," and plaintiff offers no evidence of such consent.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021